IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| IN RE: MILLER AUTOMOTIVE GROUP INC., ) <br>     d/b/a MILLER CHRYSLER DODGE, ) <br>     d/b/a MILLER CHRYSLER DODGE ) <br>     JEEP, INC. ) <br> ) <br>     Debtor. ) | Case No. 13-4041-CV-C-ODS <br><br> Bankruptcy Case Number: <br>     13-20027-11 |

ORDER (1) DENYING EMERGENCY MOTION TO WITHDRAW REFERENCE
TO BANKRUPTCY COURT AND (2) DENYING ALL OTHER MOTIONS
WITHOUT PREJUDICE

    Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on January 11, 2013. On January 29, the Bankruptcy Court (the Honorable Dennis R. Dow, United States Bankruptcy Judge for this District) issued an order approving use of cash collateral. However, on February 11, the Bankruptcy Court denied Debtor's request for continued use of cash collateral. Debtor then initiated this proceeding, contending that the adverse impact of the Bankruptcy Court's February 11 decision justifies withdrawing the reference to the Bankruptcy Court.

    Debtor has expressed concern about what it perceives to be procedural impediments to its effort to have its Emergency Motion considered. In the interest of expediency, the Court will allay those concerns by treating Debtor's request as having been properly presented and proceed directly to the merits. On the merits, Debtor's Emergency Request to Withdraw Reference (Doc. # 1) is denied.

    The Court has no doubt that it has the power to withdraw the reference of this bankruptcy proceeding to the Bankruptcy Court. See 28 U.S.C. § 157(d). The Court is not convinced that it should do so, much less (as Debtor intimates) that it must do so. In large measure, Debtor seeks withdrawal as part of an effort to persuade a different judge to do what the Bankruptcy Court has already declined to do – a classic case of forum shopping. Permitting withdrawal of the reference for such a purpose defeats the entire reason bankruptcy courts exist

and renders the practice of routinely referring bankruptcy cases to bankruptcy courts an exercise in futility. It is also worth noting that Debtor cites no authority suggesting withdrawal of the reference is justified in these circumstances, and those courts that have addressed section 157(d) have created standards that clearly counsel against granting Debtor's motion. To the extent Debtor seeks withdrawal of the reference simply to revisit (or even initially consider) core bankruptcy proceedings, the Court concludes the matter is best left with the bankruptcy court. E.g., In re Simmons, 200 F.3d 738, 742 (11th Cir. 2000); Security Farms v. International Brotherhood of Teamsters, Chauffeurs, Warehousmen and Helpers, 124 F.3d 999, 1008-09 (9th Cir. 1997); In re Orion Pictures Corp., 4 F.3d 1035, 1101 (2d Cir. 1993); see also Vreugdenhill v. Hoekstra, 773 F.2d 213, 215 (8th Cir. 1985).

Debtor also directs the Court to the last sentence of section 157(d), which provides that "[t]he district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organization or activities affecting interstate commerce." Debtor speculates that various federal laws will be implicated by future proceedings. Even if it were abundantly clear that Debtor's prediction were true, withdrawal of the reference would still not be justified. As explained by the Seventh Circuit,

> Overwhelmingly courts and commentators agree that the mandatory withdrawal provision cannot be given its broadest literal reading, for sending every proceeding that required passing "consideration" of non-bankruptcy law back to the district court would eviscerate much of the work of the bankruptcy courts. From a litigant's perspective, such a reading would also create an "escape hatch" by which bankruptcy matters could easily be removed to the district court.

In re Vicars Ins. Agency, Inc., 96 F.3d 949, 952 (7th Cir. 1996) (internal citations and quotations omitted); see also In re Ionosphere Clubs, Inc., 922 F.2d 984, 995 (2d Cir. 1990). After all, bankruptcy proceedings – particularly those under Chapter 11 – frequently involve business operations, and those operations inevitably involve some aspect of federal law. Allowing the mere mention of some issue of federal law to

2

mandate withdrawal of the reference would leave very little for bankruptcy courts.  This is not what Congress intended.

The Court follows the approach adopted by the Seventh Circuit, which has held that "mandatory withdrawal is required only when those issues require the interpretation, as opposed to mere application, of the non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law.  The legal questions involved need not be of 'cosmic proportions,' *In re Rimsat, Ltd.,* 196 B.R. 791, 799 (N.D.Ind.1995), but must involve more than mere application of existing law to new facts."  <u>In re Vicars Ins. Agency</u>, 96 F.3d at 954.  Here, Debtor has only suggested that federal law might have to be applied: Debtor has not suggested the presence of significant open or unresolved issues of law.  The Court thus deems it unnecessary and inappropriate to withdraw the reference.

The Emergency Motion to Withdraw Reference (Doc. # 1) is denied.  All other motions for relief are denied without prejudice to Debtor's right to direct those requests to the Bankruptcy Court.

IT IS SO ORDERED.

DATE: March 11, 2013

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT